**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0070n.06

Case Nos. 18-2011/2121

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="9"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>THOMAS LEWILLAN COWLEY, JR.;</td><td>)</td></tr>
<tr><td>MICHAEL DONNELL NEELEY,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    Defendants-Appellants.</td><td>)</td></tr>
</table>

**FILED**
Jan 31, 2020
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

BEFORE: SILER, GIBBONS, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Drug-trafficking cases are a bit like math tests: the district court must properly calculate the drug quantity for which each defendant is responsible. In doing so, the court must (1) make sure the numbers add up and (2) show enough of its work for the appellate court to review the result. Here, the district court passed the test on both counts. We affirm.

Thomas Lewillan Cowley kept the stash house for a drug-trafficking conspiracy in southwestern Michigan. Michael Neeley was a distributor for the conspiracy. Both were convicted of conspiring to distribute fifty or more grams of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846. Cowley pled guilty but now argues that the facts underlying his plea failed to prove he was responsible for fifty grams. Neeley went to trial and was convicted. On appeal, he argues that the district court erred at sentencing when it held him responsible for other distributors' drug deals as well as his own. Both arguments fail.

*Cowley's plea.* Federal Rule of Criminal Procedure 11(b)(3) provides that, "[b]efore entering judgment on a guilty plea, the [district] court must determine that there is a factual basis for the plea." We review such determinations for abuse of discretion. *United States v. Bennett*, 291 F.3d 888, 894 (6th Cir. 2002). But where (as here) the defendant didn't raise his argument in the district court, we review for plain error. *United States v. Vonn*, 535 U.S. 55, 58–59 (2002).

Cowley argues that the facts recited in his plea agreement and at his change-of-plea hearing showed that he conspired to distribute meth, but not that he conspired to distribute *at least fifty grams* of meth. Thus, he says, the district court violated Rule 11(b)(3) and we should vacate his conviction. But Cowley's argument falters for three separate reasons.

*First*, while the specific facts recited in a plea agreement *may* provide the factual basis required by Rule 11, nothing limits a court to relying on such recitations *alone*. The court can also rely on (among other things) an admission of guilt by a defendant who understands what he is being charged with. Thus, "where the crime is easily understood, . . . a reading of the indictment, or even a summary of the charges in the indictment and an admission by the defendant, is sufficient to establish a factual basis under Rule 11." *United States v. Williams*, 176 F.3d 301, 313 (6th Cir. 1999) (alteration adopted) (quoting *United States v. Edgecomb*, 910 F.2d 1309, 1313 (6th Cir. 1990)). And drug-quantity elements are "easily understood" for purposes of this rule. *United States v. Valdez*, 362 F.3d 903, 910 (6th Cir. 2004).

Here, the magistrate judge who handled the change-of-plea hearing specifically explained to Cowley that he was charged with conspiring "to distribute more than 50 grams of meth," then confirmed that Cowley understood what he was being charged with. R. 387, Pg. ID 2749. Cowley then admitted not only that the government's evidence would be sufficient to convict him but also

that he was in fact guilty. Under *Williams* and *Valdez*, that intelligent admission alone was a sufficient factual basis.

*Second*, even if we disregard Cowley's admission of guilt, the specific facts adduced at the plea hearing were enough to satisfy Rule 11. The government pointed out (and Cowley agreed that the government could prove) that about forty-eight grams of meth was found at Cowley's apartment *on the day it was searched.* And by Cowley's own admission, the conspiracy "consistently stored crystal methamphetamine at his apartment" for *a full year* before that search. *Id.* at 2760. During that year, distributors for the conspiracy would visit Cowley's apartment to pick up meth and he would dispense it to them. With these facts, a court could easily infer that the *total* amount of meth Cowley conspired to distribute was well over fifty grams.

And *third*, even if the facts discussed at the plea hearing *weren't* sufficient, it wouldn't matter. Why not? Because under Rule 11(b)(3), the question isn't whether the district court had an adequate factual basis when it *accepted the plea*—it's whether it had an adequate factual basis when it *entered judgment*. *See* Fed. R. Crim. P. 11(b)(3); *United States v. Mobley*, 618 F.3d 539, 545 (6th Cir. 2010); *see also* Fed. R. Crim. P. 32(k)(1) (describing the entry of judgment, which occurs after sentencing). Thus, in reviewing the factual basis for a plea, "we may examine the entire record, including proceedings that occurred *after* the plea colloquy." *Mobley*, 618 F.3d at 545 (cleaned up).

That includes a defendant's sentencing hearing and the facts in the presentence report. *See, e.g.*, *id.* at 547; *Bennett*, 291 F.3d at 897. Here, summarizing the presentence report at sentencing, the government explained that Cowley's brother "would receive four ounces to one pound [of methamphetamine] every couple of weeks, and that he stored this methamphetamine [on] all but one occasion at [Cowley's] apartment." R. 436, Pg. ID 3299. An ounce is 28.3495 grams. *See*

*United States v. Hunter*, 558 F.3d 495, 505 (6th Cir. 2009).  Multiply that by four (to represent just one four-ounce shipment) and you've more than doubled the fifty-gram threshold.  In short, ample facts supported Cowley's guilty plea by the time the district court entered judgment.  And under Rule 11(b)(3), no other time matters.

*Neeley's sentence.*  Neeley says that the district court shouldn't have held him responsible for other distributors' drug deals.  For guideline purposes, co-conspirators' actions are attributed to a defendant only if (among other things) those actions were (1) within the scope of the defendant's criminal agreement and (2) reasonably foreseeable to the defendant.  United States Sentencing Guidelines Manual § 1B1.3(a)(1)(B)(i), (iii) (U.S. Sentencing Comm'n 2018).  To enforce these preconditions, district courts must make "particularized findings" about scope and foreseeability.  *United States v. Campbell*, 279 F.3d 392, 400 (6th Cir. 2002).  That doesn't mean that district courts must use "magic words."  *See United States v. Donadeo*, 910 F.3d 886, 899–900 (6th Cir. 2018) (collecting cases); *see also United States v. Elias*, 107 F. App'x 634, 638 (6th Cir. 2004).  What matters is that district courts make the requisite findings in substance—not that they use any special language in doing so.

Measured by that standard, the district court's findings here were sufficient.  The court found that Neeley "was really embedded in this conspiracy," so it was "reasonable" to hold him responsible for the full extent of the conspiracy's drug dealings.  R. 454, Pg. ID 4018.  The court's point was that Neeley knew the scale and extent of the conspiracy (so other distributors' sales were foreseeable) and voluntarily associated himself with its full range of activities (so it was within the scope of his agreement).  That covered the necessary ground.

To see this, consider the context of the parties' discussion at sentencing.  There, Neeley denied that he could foresee the drug deals of other distributors.  (He did not specifically object

that they were outside the scope of his agreement.)  In response, the government pointed to evidence showing that not only was Neeley a consistent distributor for the conspiracy, he was also kept informed about the conspiracy's interstate supply chain.  The government summed up the evidence by saying that Neeley was "fairly well involved in this entire thing."  *Id.* at 4017.

The record bore that statement out.  The evidence showed that higher-ups in the conspiracy would ask Neeley's help with critical tasks, such as picking up packages, alerting other co-conspirators when packages had arrived, and "breaking down" shipments of crystal meth into saleable portions.

Based on all this, it's clear Neeley was no bit player in the drug-trafficking scheme.  True, he was no ringleader either, but he knew the scale of the conspiracy and willingly went along with it.  The district court's judgment that Neeley "was really embedded in the conspiracy" was supported by the record.  While the district court *could* have done more to spell out its conclusions (this court always appreciates a detailed sentencing record), it didn't *need* to.  *Cf. Donadeo*, 910 F.3d at 900.

We affirm.

GIBBONS, Circuit Judge, concurring. I agree with Judge Thapar's opinion entirely as to Cowley's appeal.

As to Neeley's sentence, I quibble a bit with Judge Thapar's apparent conclusion that the district court's comments here amounted to the "particularized findings" about scope and foreseeability required by *Campbell*. The district court's comments on the subject were limited to its comment that Neeley "was really embedded in this conspiracy" and that it was "reasonable" to hold him responsible for the full extent of the conspiracy's drug dealings.

Any difference in our views is a nuanced one, however. Judge Thapar correctly observes that the context of the parties' discussion at sentencing gives meaning to what the court did say. From the transcript we can ascertain that the court fully agreed with the government's characterization and detailed description of Neeley's involvement, which justified finding Neeley responsible for the entire amount of drugs.

Given what the district court actually said, I am hesitant to characterize the court's comments as "particularized findings." But the entire record of the sentencing hearing establishes that remand is unnecessary here. The record supports the result and includes the basis for it. That is sufficient here for meaningful appellate review. Remand would require the district court to engage in a ritualistic process without a difference in result and without providing additional process or consideration to Neeley. Of course district courts should be mindful of their obligations under *Campbell*, and the district court should have made the required findings. Noting that it did not in this case is sufficient appellate direction, and remand is not required. *See United States v. Moody*, 787 F. App'x 857, 868–69 (6th Cir. 2019).